unsealed per order on 12/3/20-dlg



~~SEALED~~

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

November 2019 Grand Jury

| UNITED STATES OF AMERICA, | Case No. '20 CR3107 WQH |
|---|---|
| Plaintiff, | INDICTMENT |
| v. | Title 18, U.S.C., Sec. 1349 – Conspiracy; Title 18, U.S.C., Sec. 1343 – Wire Fraud; Title 18, U.S.C., 1028A – Aggravated Identity Theft; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 18, U.S.C., Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec 2461(c) – Criminal Forfeiture |
| HARGOBIND TAHILRAMANI, aka Gobind Lal Tahil, Defendant. | |

The grand jury charges, at all times material:

**Count 1: Conspiracy to Commit Wire Fraud**

(18 U.S.C. § 1349)

1. Beginning as early as 2013 and continuing up to and including at least August 2020, in an offense begun outside of the jurisdiction of any particular State and district of the United States, and committed within the Southern District of California and elsewhere, defendant HARGOBIND TAHILRAMANI, aka Gobind Lal Tahil, who will be first brought to the Southern District of California, knowingly and intentionally conspired and agreed with persons known and unknown to the grand jury, to commit the offense of wire fraud, in violation of Title 18, United States Code, Section 1343.

AJGA:nlv:San Diego:10/5/20

2. It was the purpose of the conspiracy for TAHILRAMANI and his co-conspirators to profit by pretending to be entertainment industry executives and their representatives, in order to lure individuals employed in the entertainment industry to Indonesia where they were tricked into paying exorbitant fees, purportedly for transportation and other services.

3. In furtherance of their conspiracy, and to effect its objects, TAHILRAMANI and his co-conspirators used the following manner and means, among others:

    a. TAHILRAMANI and his co-conspirators would contact individuals employed in the entertainment industry including, among others, actors, photographers, writers, and security consultants. To contact these entertainment industry professionals, TAHILRAMANI and his co-conspirators would use telephone numbers and email addresses that concealed TAHILRAMANI's identity. When speaking with the entertainment industry professionals, TAHILRAMANI would use fake accents and would alter his voice to sound like a woman.

    b. TAHILRAMANI and his co-conspirators would falsely claim to be, among others: well-known entertainment industry executives; individuals who worked with the entertainment industry executives; and family members of the entertainment industry executives.

    c. TAHILRAMANI and his co-conspirators would falsely claim that they wanted to hire the entertainment industry professionals to work on films and other projects purportedly based in Indonesia, when in fact, no such films or other projects existed.

    d. TAHILRAMANI and his co-conspirators would invite the entertainment industry professionals to travel to Indonesia in connection with the bogus projects. The purported purpose of the travel

included, among others, conducting site surveys, scouting film locations, conducting research, and drafting screenplays, but in reality all of these tasks were fabricated.

    e.   TAHILRAMANI and his co-conspirators would fraudulently promise to reimburse the travel and other expenses incurred by the entertainment industry professionals as part of their trips to Indonesia, including transportation expenses, translation expenses, and permit fees.

    f.   When the entertainment industry professionals arrived in Indonesia, TAHILRAMANI's co-conspirators would typically meet them at the airport in Jakarta. One of these individuals would collect a sum of money from the entertainment industry professionals, purportedly to cover transportation costs and various fees. Another individual would act as a driver.

    g.   During the entertainment industry professionals' visits in Indonesia, TAHILRAMANI and his co-conspirators would arrange for them to visit different locations each day and would charge what they claimed were additional transportation costs, which were collected in cash each day and which far exceeded the average costs of transportation in Indonesia. TAHILRAMANI's co-conspirators would deposit these cash payments into a bank account controlled by TAHILRAMANI.

    h.   TAHILRAMANI would meet in person with some of the entertainment industry professionals in offices in Jakarta, Indonesia. In order to conceal his identity, TAHILRAMANI would use a fake name.

    i.   When entertainment industry professionals returned home and requested reimbursement for the expenses they incurred traveling to and within Indonesia, TAHILRAMANI and his co-conspirators would not reimburse the expenses as promised, but would conceal their failure to

3

pay by sending the entertainment industry professionals fraudulent remittance forms that falsely indicated that funds had been wired to the entertainment industry professionals' bank accounts.

   j. If an entertainment industry professional questioned TAHILRAMANI's assumed identity or tried to withdraw from an agreement to work one on of his purported projects, TAHILRAMANI would threaten them by, among other things, stating that he would dismember the entertainment industry professional or sending pictures of the entertainment industry professional's children.

   k. Starting in early 2020, in light of worldwide travel restrictions associated with the COVID-19 pandemic which prevented entertainment industry professionals from traveling to Indonesia, TAHILRAMANI and his co-conspirators would adjust their scheme and generate additional fraudulent proceeds by fraudulently convincing entertainment industry professionals to purchase materials, such as training videos, in order to participate in films or other projects that did not actually exist.

All in violation of Title 18, United States Code, Section 1349.

### Counts 2 & 3: Wire Fraud

(18 U.S.C. § 1343)

  4. Beginning as early as 2013 and continuing up to and including at least August 2020, in an offense begun outside of the jurisdiction of any particular State and district of the United States, and committed within the Southern District of California and elsewhere, defendant HARGOBIND TAHILRAMANI, aka Gobind Lal Tahil, who will be first brought to the Southern District of California, knowingly and with the intent to defraud, devised a material scheme to defraud victims and to obtain their money and property by means of materially false and fraudulent

4

pretenses, representations and promises, and by intentional concealment and omission of material facts.

5. Paragraphs 1 through 3 and all sub-paragraphs are realleged and incorporated herein as more fully describing the scheme to defraud.

### Interstate Wires

6. On or about the dates listed below, within the Southern District of California and elsewhere, defendant HARGOBIND TAHILRAMANI, aka Gobind Lal Tahil, for the purpose of executing an essential part of the aforesaid scheme to defraud, caused to be transmitted by wire in interstate and foreign commerce certain writings, signs, and signals described below, to wit:

| Count | Date | Item Transmitted |
|---|---|---|
| 2 | 1/27/17 | An email from M.D. to M.H. regarding a meeting with B.B. |
| 3 | 7/12/17 | An email from J.P. to C.G., carbon copy to M.N., regarding a non-disclosure agreement. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### Counts 4-8: Aggravated Identity Theft

(18 U.S.C. § 1028A)

7. Paragraphs 1 through 3 and all sub-paragraphs are realleged and incorporated herein.

8. On or about the dates listed below, in an offense begun outside of the jurisdiction of any particular State and district of the United States, and committed within the Southern District of California and elsewhere, defendant HARGOBIND TAHILRAMANI, aka Gobind Lal Tahil, who will be first brought to the Southern District of California, during and in relation to a felony violation of Title 18, United States Code, Section 1343 (Wire Fraud), and a felony violation of Title 18, United States Code, Section 1349 (Conspiracy), knowingly transferred,

possessed, and used, without lawful authority, the means of identification of another person as listed below, knowing that the means of identification belonged to another actual person.

| Count | Date     | Person | Means of Identification                              |
|-------|----------|--------|------------------------------------------------------|
| 4     | 1/27/17  | B.B.   | The name of B.B. in an email to M.H.                 |
| 5     | 7/12/17  | J.P.   | The name of J.P. in an email to C.G.                 |
| 6     | 10/18/17 | A.P.   | The name of A.P. in an email to W.S.                 |
| 7     | 8/23/20  | D.L.   | The name of D.L. in a telephone call with T.N.       |
| 8     | 8/23/20  | D.L.   | The name of D.L. in a telephone call with T.O.       |

All in violation of Title 18, United States Code, Sections 1028A and 2.

FORFEITURE ALLEGATION

9. The allegations contained in Counts 1 through 3 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

10. Upon conviction of one or more of the offenses set forth in Counts 1 through 3, defendant HARGOBIND TAHILRAMANI, aka Gobind Lal Tahil, shall forfeit to the United States any property, real or personal, which constitutes or was derived from proceeds traceable to such violation.

11. If any of the above-described forfeited property, as a result of any act or omission of defendant HARGOBIND TAHILRAMANI, aka Gobind Lal Tahil, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made

```
 1  applicable herein by Title 28, United States Code, Section 2461(c), to
 2  seek forfeiture of any other property of Defendants up to the value of
 3  the property described above subject to forfeiture.
 4  All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and
 5  Title 28, United States Code, Section 2461(c).
 6        DATED: October 6, 2020.
```

A TRUE BILL:

_____
Foreperson

ROBERT S. BREWER, JR.
United States Attorney

By: _____
ANDREW J. GALVIN
Assistant U.S. Attorney

By: _____
MATTHEW J. SUTTON
Assistant U.S. Attorney